IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN ADAMS,                          *

  v.                                 * CIVIL ACTION NO. CCB-11-2598

JOHN WOLFE, et al.,                   *
                                      ***********

## **MEMORANDUM**

On September 12, 2011, the court received Kevin Adams's petition for writ of habeas corpus. ECF No. 1. Petitioner was directed to supplement his petition using court approved forms. ECF No. 2. On September 22, 2011, petitioner filed the court-directed supplemental response. ECF No. 3. Petitioner challenges his revocation of probation, alleging he was denied due process and the revocation procedures were improper under Maryland law. *Id*. Respondents have filed a limited answer to the petition (ECF No. 9), making this case ready for dispositive review. Petitioner has replied. ECF No. 10. After examining these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the petition will be denied without prejudice as unexhausted.

## **Procedural History**

Adams was charged in the Circuit Court for Montgomery County with first degree burglary and related offenses. On August 21, 2007, he pleaded guilty to one count of theft over $500 and was sentenced to a ten year term of imprisonment, all but five years suspended, with three years supervised probation upon release. ECF No. 9, Ex. 1, Docket Nos. 54-55. Petitioner's request for drug treatment evaluation was granted by the Circuit Court on September 24, 2007. *Id*., Docket No. 61. On May 22, 2008, Adams's sentence was reconsidered. The court

suspended all ten years of petitioner's sentence, directed petitioner be placed in pre-release custody, imposed a three year term of supervised probation, and placed a special condition on petitioner's probation that he successfully complete drug court. *Id*., Docket No. 85-87.

On September 29, 2008, the circuit court ordered petitioner released to a treatment facility. *Id*., Docket No. 143. Petitioner's release status was modified on February 23, 2009 and May 7, 2009. *Id*., Docket Nos. 183 & 217. On September 9, 2010, it was noted that the drug court had been completed successfully. *Id*., Docket No. 307. A status hearing was held on September 28, 2010. Petitioner failed to appear and a warrant was issued. *Id*., Docket Nos. 308-310. Petitioner was reinstated to phase two of the drug court program on September 30, 2010, and a revocation hearing was set for October 7, 2010.[1] *Id.,* Docket Nos. 316 & 320.

A probation revocation hearing was held on October 28, 2010. Petitioner, represented by counsel at the hearing, was found in violation and his probation was revoked.[2] *Id*., Docket Nos. 344-49. A sentencing hearing was held on January 6, 2011. Petitioner was represented by counsel. The court closed the probation case unsatisfactorily and sentenced petitioner to serve eight years and eleven months in prison. *Id*. Docket No. 369-70. Petitioner's drug court participation was terminated, unsuccessfully, on that same date. *Id*., Docket No. 372.

Petitioner filed a notice of appeal to the Court of Special Appeals of Maryland on January 31, 2011.[3] *Id*., Ex. 2. The notice of appeal, treated as an application for leave to appeal, was summarily denied on August 3, 2011. *Id*., Ex. 3. Petitioner filed an application for review of sentence on April 1, 2011, which was denied the same day. *Id*., Ex. 1, Docket Nos. 384-85.

---

[1] That revocation hearing was postponed to April 7, 2011. *Id.,* Docket No. 326. On October 27, 2010, however, the docket indicates a status hearing was reset for October 28, 2010. *Id*., Docket No. 341.

[2] Petitioner states that no revocation was ever held. ECF No. 10. This statement is belied by the record.

[3] The appeal did not set out any grounds for relief. ECF No. 9, Ex. 2.

2

Petitioner has filed no other state post-conviction proceedings. *Id*., Ex. 1.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

A person challenging the revocation of probation under Maryland law is entitled to direct review of the probation revocation by the Court of Special Appeals of Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. Art., 12-302; *see also* Md. Rule 8-204. The revocation can also be collaterally attacked in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art.§§ 7-101 et seq. (2001). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Stachowski v. State,* 6 A. 3d 907 (2010); *Williams v. State*, 292 Md. 201, 210-11 (1981). To date, none of the claims presented here have been presented to the Maryland courts in post-conviction proceedings. Adams has not begun post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Adams is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[4] Should he wish to refile this petition

---

[4]This section provides:

once he has exhausted his available state court remedies, Adams should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because petitioner has not made the requisite showing.

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A separate order follows.


February 29, 2012                                   _____/s/_____
Date                                                Catherine C. Blake
                                                    United States District Judge